Tim J. Helfrich, OSB 761678
thelfrich@yturrirose.com
YTURRI ROSE, LLP
PO Box 'S'
Ontario OR  97914
Telephone: (541) 889-5368
Facsimile: (541) 889-2432
  Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| KIM CHRISTINE MCCLUNG, an individual,<br><br>            Plaintiff,<br><br>-VS-<br><br>SHIVAS HOTEL, INC., an Idaho Corporation; SHIVA HOTEL PROPERTY 6, LLC, an Oregon Limited Liability Company; SHIVA HOTELS, LLC, an Oregon Limited Liability Company, doing business as BEST WESTERN SUNRIDGE INN; and John Does 1, 2 and 3,<br><br>            Defendants. | Case No.: 2:19-cv-1220<br><br>COMPLAINT<br><br>Personal Injury Action<br>(28 USC 1332 §(a)(1))<br><br>DEMAND FOR JURY TRIAL |

Plaintiff ALLEGES as follows:

1.

At all material times Plaintiff has been and is a resident and a citizen of the state of Washington.

Page 1 – COMPLAINT                                         (335019.0/cc/d3/06Aug19)

2.

At all times material herein Defendant Shivas Hotel, Inc., was and is an Idaho Corporation with its principal place of business in Nampa, Canyon County, Idaho, and was conducting business in the State of Oregon.

3.

At all times material herein Defendant Shiva Hotel Property 6, LLC, was and is an Oregon Limited Liability Company with its principal place of business in Baker County, Oregon.

4.

At all times material herein Defendant Shiva Hotels, LLC, was and is an Oregon Limited Liability Company with its principal place of business in Malheur County, Oregon.

5.

At all times material herein Defendants Shivas Hotel, Inc; Shiva Hotel Property 6, LLC; and Shiva Hotels, LLC, were individually or collectively doing business under the assumed business name Best Western Sunridge Inn (these three defendants are herein after referred to as "Sunridge Inn.")

6.

John Does 1, 2 and 3 are persons or entities who are residents and citizens of the state of Oregon or the state of Idaho and who were owners or operators of the businesses known as Best Western Sunridge Inn.

7.

At all times material herein Sunridge Inn was operating a place of public accommodation consisting of a motel, restaurant and conference facility in Baker City, Oregon.

8.

This Court has jurisdiction over the subject matter of this action pursuant to 28 USC 1332 §(a)(1). The parties to this action are citizens of different states and the amount in controversy exceeds the sum of $75,000.

9.

The Sunridge Inn premises certain multiple buildings connected by cement sidewalks.

10.

On or about August 6, 2017, Plaintiff was on the premises of Sunridge Inn as a paying guest of the motel and was using the facilities of Sunridge Inn. Plaintiff was walking from one building to the office building and tripped over the lip of a concrete slab which was raised up more than an inch higher than the connecting sidewalk on which Plaintiff was walking. The elevated slab of concrete created a dangerous hazard to anyone walking on it and was not guarded or sufficiently marked to prevent guests from striking it and falling on the cement sidewalk.

11.

As a direct and foreseeable result of her fall, Plaintiff sustained serious injury to her shoulder.

12.

As a direct and foreseeable result of her fall, Plaintiff incurred medical expenses in an amount to be determined at trial, but for purposes of this complaint is alleged to be $23,458.63. As a further result, Plaintiff will require future medical expenses to treat her injury in an amount which will be calculated at trial but for purposes of this Complaint is alleged to be $10,000.

13.

As a further direct and foreseeable result, Plaintiff was temporarily disabled and prevented from pursuing her usual and customary occupation and therefore suffered a loss of income in the amount of $10,000.

14.

As a further direct and foreseeable result, Plaintiff endured months of pain and suffering, and interference with her usual and customary activities, and will endure future pain and suffering and interference, for which she is entitled to compensation in an amount to be determined at trial, and which is alleged to be $150,000.

## FIRST CLAIM FOR RELIEF
### (Negligence: Premises Liability)

15.

Plaintiff realleges paragraphs 1 through 14 as though fully stated herein.

16.

Defendants had a duty to Plaintiff to make the property and foot traffic areas associated with it reasonably safe for visitors and free from hazardous defects and to warn of any dangers that had a risk of injuring visitors, including Plaintiff.

17.

The slab of sidewalk was to be replaced but there were no adequate warnings of the danger or no measures employed to prevent guests, including Plaintiff, from encountering the dangerous condition.

18.

Plaintiff lacked knowledge or reason to know of the hazardous defect.

19.

Defendants created a foreseeable and unreasonable risk of the type of injury Plaintiff sustained by not maintaining the walkways in a safe condition and failing to warn Plaintiff of the danger posed by the walkway.

20.

Plaintiff demands a jury trial pursuant to FRCP 38.

WHEREFORE, Plaintiff prays for relief against defendants as follows:

(a) For Plaintiff's past medical expenses in the amount of $23,458.63;

(b) For Plaintiff's future medical expenses in an amount to be calculated at trial but for purposes of this Complaint is alleged to be $10,000;

(c) For other economic damages in the amount of $10,000;

(d) For non-economic damages in an amount of $150,000;

(e) For Plaintiff's costs and disbursements incurred in the prosecution of this matter; and,

(f) For such other and further relief as the Court deems just and equitable.

Dated this 6th day of August, 2019.

YTURRI ROSE LLP

*/s/ Tim J. Helfrich*

Tim J. Helfrich, OSB #761678
PO BOX S
Ontario OR 97914
Telephone: (541) 889-5368
Fax: (541) 889-2432
thelfrich@yturrirose.com
Of Attorneys for Plaintiff